UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
************************************************************

JAMES McIVER,

      Plaintiff,

v.

FEZA TRANS LLC, ELVIN R. ANDUJAR-ORTIZ, SCT
TRANSPORTATION , LLC  SMITH CARGO
TRANSPORTATION LLC and OCCIDENTAL FIRE
& CASUALTY COMPANY OF NC, ABC COMPANIES 1-10
and JOHN DOE 1-5 (said identity and names being
fictitious and unknown),

      Defendants.

CIVIL ACTION NO.
2:17-cv-11261

**AMENDED
COMPLAINT**

************************************************************

      Plaintiff, JAMES McIVER, by and through its undersigned counsel, hereby files his  AMENDED Complaint against FEZA TRANS LLC, ELVIN R. ANDUJAR-ORTIZ, SCT TRANSPORTATION, LLC, SMITH CARGO TRANSPORTATION LLC and OCCIDENTAL FIRE & CASUALTY COMPANY OF NC, ABC COMPANIES 1-10 and JOHN DOE 1-5 (said identity and names being fictitious and unknown) and alleges upon information and belief as follows:

### PARTIES, JURISDICTION AND VENUE

      1.    Plaintiff, JAMES MCIVER, presently, and has been at all times herein mentioned, a citizen and resident of the State of New York and at all times material herein, is competent to bring suit in her individual capacity.

      2.    At all times herein relevant, defendant, FEZA TRANS LLC was a domestic limited liability company based in the State of New Jersey, with

the only member being Billy Ylli Feza who is a citizen and resident of New Jersey with a residence address of 375 Union Avenue, Rutherford, New Jersey 07070.

3.      That at all times herein relevant, defendant, FEZA TRANS LLC committed a tortious act within the State of New Jersey.

4.      That at all time herein relevant, defendant, FEZA TRANS LLC committed a tortious act without the State of New Jersey causing injury to person or property within the State of New Jersey.

5.      That by virtue of the allegations above, defendant, FEZA TRANS LLC is subject to the laws of the State of New Jersey.

6.      At all times herein relevant, defendant, ELVIN R. ANDUJAR-ORTIZ is an adult individual and a citizen and resident of the State of New Jersey.

7.      Upon information and belief, the defendant SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC are limited liability companies who are alter egos with same ownership and are authorized and qualified to do business in the State of Florida with their principal place and business in Florida and is otherwise *sui juris* and are federally regulated motor carriers.

8.      At all times material hereto, Defendant, OCCIDENTAL FIRE & CASUALTY COMPANY OF NC was and is an insurance company with its principal place and business in North Carolina and is otherwise *sui juris*.

9.    ABC COMPANIES 1-10 said entities being fictitious and are named as defendants in order to preserve the statue of limitations against unknown companies.

8.    JOHN DOE 1-5 said names being fictitious and are named as defendants in order to preserve the statue of limitations against unknown companies.

9.    Damages alleged by plaintiff exceed the sum or value of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332(a) and Fed. Rules of Civil Procedure 8(a) (1).

10.    The parties have diversity of jurisdiction and the amount in controversy exceeding the jurisdictional limits confers this Court with jurisdiction over the subject matter of this Complaint and over the parties hereto under 28 U.S.C. Section 1332 and Fed. Rules of Civil Procedure 8(a) (1).

11.    Venue is proper and appropriate in United States District Court District of New Jersey because the motor vehicle accident, which is the subject matter of this Complaint, occurred in U.S. District of New Jersey.

**FACTUAL BACKGROUND**

12.    On June 24, 2016 defendant, FEZA TRANS LLC was the owner and/or lessee of a certain 2005 International Box Truck bearing New Jersey license plate No.: AP112M.

13.    On June 24, 2016 defendant, ELVIN R. ANDUJAR-ORTIZ was the operator of a certain 2005 International Box Truck bearing New Jersey license plate No.: AP112M owned and/or leased by FEZA TRANS LLC.

14.    On June 24, 2016, defendant, ELVIN R. ANDUJAR-ORTIZ, operated the vehicle described in Paragraph 12 above with the full knowledge of the owner, defendant, FEZA TRANS LLC.

15.    On June 24, 2016, defendant, ELVIN R. ANDUJAR-ORTIZ, operated the vehicle described in Paragraphs 12 above with the full permission of the owner, defendant, FEZA TRANS LLC.

16.    On June 24, 2016, defendant, ELVIN R. ANDUJAR-ORTIZ, operated the vehicle described in Paragraphs 12 above with the full authority of the owner, defendant, FEZA TRANS LLC.

17.    On June 24, 2016, defendant, ELVIN R. ANDUJAR-ORTIZ, was acting within the course and scope of his employment for defendant, FEZA TRANS LLC.

18.    On June 24, 2016, defendant, ELVIN R. ANDUJAR-ORTIZ, was an agent of defendant, FEZA TRANS LLC.

19.    On June 24, 2016, defendant, ELVIN R. ANDUJAR-ORTIZ, was a servant of defendant, FEZA TRANS LLC.

20.    On June 24, 2016, defendant, ELVIN R. ANDUJAR-ORTIZ, was an employee of defendant ABC Companies 1-5.

21.    On June 24, 2016, plaintiff, JAMES MCIVER, was a passenger in a vehicle owned by his employer and operated by JOSE R. MONTANO a co-worker, which vehicle was a certain 2013 Freightliner bearing New Jersey license plate No.: XATU51.

22.     On June 24, 2016, defendant, ELVIN R. ANDUJAR-ORTIZ, operated the vehicle described in Paragraphs 12 herein above in a southbound direction on Route 1 & 9 at or near Old Lincoln Highway, in the State of, New Jersey.

23.     On June 24, 2016, plaintiff, JAMES MCIVER was a passenger in a vehicle which was driving in a southbound direction on Route 1 & 9 at or near Old Lincoln Highway, in the State of, New Jersey.

24.     On June 24, 2016, the vehicle operated by defendant ELVIN R. ANDUJAR-ORTIZ as described in Paragraphs 12 herein above, came into contact with the vehicle in which plaintiff was a passenger as described in Paragraphs 21 and 23.  As a result of the aforementioned occurrence, plaintiff sustained injuries.

25.     Upon information and belief, on October 24, 2014, the defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC entered into an agreement with the entities Feza Trans, LLC whereby Feza Trans LLC would furnish to the defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC equipment and a driver to operate the equipment, as outlined in the agreement which is annexed as Exhibit 1.

26.     Pursuant to the agreement, a 2005 International which was involved in the motor vehicle collision in New Jersey in which the plaintiff was injured, a copy of the police report is annexed as Exhibit 2.

27.   On or about June 24, 2016 Plaintiff OCCIDENTAL FIRE & CASUALTY COMPANY OF NC June 24, 2016 offered coverage to their insured defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC. The effective dates of the policy are currently unknown.

28.   Upon information and belief, defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC paid OCCIDENTAL FIRE & CASUALTY COMPANY OF NC full premiums as consideration for the policy.

29.   Following the incident, JAMES McIVER retained the undersigned counsel to represent him in a personal injury action against FEZA TRANS, LLC and ELVIN R. ANDUJAR ORTIZ.

30,   Following the incident, several carriers to wit:   Progressive Insurance Company, Wilshire Insurance Company and Nova Casualty Insurance Company were placed on notice of the incident and of JAMES McIVER'S claim against the policy by the undersigned counsel.

31.   In fact, OCCIDENTAL FIRE & CASUALTY COMPANY OF NC hired counsel to defend FEZA TRANS, LLC and ELVIN R. ANDUJAR ORTIZ.

32.   On July 18, 2018, defendant OCCIDENTAL FIRE & CASUALTY COMPANY OF NC issued a letter denying coverage regarding JAMES McIVER'S claim based upon late investigation.

33.   Thereafter, the counsel hired by defendant OCCIDENTAL FIRE & CASUALTY COMPANY OF NC subsequently withdrew as counsel for FEZA

TRANS, LLC and ELVIN R. ANDUJAR ORTIZ based upon the July 18, 2018 letter.

34.    Applicable Federal law requires all such governmentally regulated motor carriers to procure and maintain trucking liability automobile insurance for the protection of the general public.

35.    All such federally regulated motor carriers are required to have an MCS-90 Endorsement on file at all times, which must be issued by a licensed insurer and which must warrant at least $750,000 (Seven Hundred Fifty Thousand) Dollars of liability coverage in effect, and further provides (with exceptions not relevant here) that such insurer has virtually no defenses to payment of a judgment suffered by its insured.

36.    In compliance with federal law, the defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC and/or ABC CORP. (said name being fictitious and unknown) was obligated to maintain trucking insurance coverage for the protection of the public pursuant to federal regulations. This is known as Trucking Automobile Liability Insurance.

37.    Upon information and belief, prior to the June 24, 2016 occurrence, defendant OCCIDENTAL FIRE & CASUALTY COMPANY OF NC had issued a policy of Commercial Trucking Automobile Liability Insurance to defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC which was, upon information and belief, designated by issued Claim No.: 336048.

38.   Upon information and belief, this policy of insurance was in full force and effect on the date of the underlying motor vehicle accident.

39.   JAMES McIVER, as a third-party beneficiary of the Policy, claims that FEZA TRANS, LLC and ELVIN R. ANDUJAR-ORTIZ are covered by the Policy for the incident.

40.   OCCIDENTAL FIRE & CASUALTY COMPANY OF NC claims that the Policy does not provide coverage to JAMES McIVER for the incident.

41.   Because of the conflicting claims of the parties, irreparable damage may be done unless the rights of the parties under and by virtue of the provisions of the policy are determined in advance of the trial of the underlying action.

## COUNT ONE

42.   Plaintiff incorporates paragraphs 1 through 41 as set forth in full with the same force and effect.

43.   On June 24, 2016, the vehicle operated by defendant, ELVIN R. ANDUJAR-ORTIZ, as described in Paragraphs 12 herein above, came into contact with the vehicle in which plaintiff was a passenger as described in Paragraphs 21 and 23 on Route 1 & 9 at or near Old Lincoln Highway, in the State of, New Jersey.  As a result of the aforementioned occurrence, plaintiff, JAMES MCIVER sustained injuries.

44.   The aforementioned occurred as a result of the negligence and/or recklessness of defendants without any negligence attributable in any measure to plaintiff, JAMES MCIVER.

45.   Plaintiff, JAMES MCIVER, has sustained compensable injuries as defined by the New Jersey State Insurance Law.

46.   By the aforesaid acts and omissions of defendants herein, plaintiff, JAMES MCIVER, has been directly and legally caused to suffer pain and suffering and actual damages including, but not limited to, loss of earnings and future earning capacity, medical expenses, attorney's fees costs of suit and other pecuniary loss not presently ascertainable for which the plaintiff will seek leave of the Court to amend once ascertained.

47.   By the aforesaid acts and omissions of defendants, plaintiff JAMES MCIVER, has been directly and legally caused to suffer physical injuries, including, but not limited to, injuries to his left hip and left knee, all of which individually, or in combination, satisfy the requirements of compensable injuries as defined by the New Jersey State Insurance Law.

48.   As a further direct and legal result of the acts and conducts of the defendants, as aforesaid, plaintiff, JAMES MCIVER, was caused to and did suffer from severe physical, emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact extent and nature of said injuries is presently unknown to plaintiff, JAMES MCIVER, who will seek leave of this court to assert the same when they are ascertained.   Plaintiff, JAMES MCIVER, does not know at this time the

exact duration or permanence of said injuries but plaintiff is informed and believes, and therefore alleges, that some, if not all, of his injuries are reasonably certain to be permanent.

**WHEREFORE**, plaintiff JAMES MCIVER demand judgment jointly and severally and/or individually and/or vicariously, against the defendants FEZA TRANS LLC, ELVIN R. ANDUJAR-ORTIZ, SCT TRANSPORTATION , LLC  SMITH CARGO TRANSPORTATION LLC,ABC COMPANIES 1-10 and JOHN DOE 1-5, for damages, costs, interest, counsel fees and all other relief this Court deems just and proper.

## COUNT TWO

49.    Plaintiff incorporates paragraphs 1 through 48 as set forth in full with the same force and effect.

50.    Plaintiff JAMES McIVER alleges that defendants FEZA TRANS, LLC and ELVIN R. ANDUJAR-ORTIZ were hauling a container for, under lease to and/or under dispatch to and/or otherwise acting in the trucking business of the defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC at the time of the underlying accident of June 24, 2016.

51.    Upon information and belief, the standard policy language used in the trucking industry, the definition of insured in said policy, which would include the defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC and any lease agreement between defendants SCT

TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC and FEZA TRANS, LLC would be an insured contract under the policy.

52.    That this court should find that defendant FEZA TRANS, LLC and ELVIN R. ANDUJAR-ORTIZ were hauling a container for, under lease to and/or under dispatch to and/or otherwise acting in the trucking business of the defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC at the time of the underlying accident of June 24, 2016 and that as federally regulated motor carriers on the date of the occurrence, defendant OCCIDENTAL FIRE & CASUALTY COMPANY OF NC as defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC insurer, is obligated to afford sole and primary coverage to FEZA TRANS, LLC and ELVIN R. ANDUJAR-ORTIZ for the occurrence of June 24, 2016.

**WHEREFORE,** Plaintiff, JAMES McIVER requests a declaration of the parties rights and duties of the under the contract between defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC and defendant FEZA TRANS, LLC and that this court should find that defendants FEZA TRANS, LLC and ELVIN R. ANDUJAR-ORTIZ were hauling a container for, under lease to and/or under dispatch to and/or otherwise acting in the trucking business of the defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC at the time of the underlying accident of June 24, 2016.

## COUNT THREE

53.    Plaintiff incorporates paragraphs 1 through 52 as set forth in full with the same force and effect.

54.    Upon information and belief the trucking liability policy issued by defendant OCCIDENTAL FIRE & CASUALTY COMPANY OF NC to defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC contains an MCS-90 Endorsement.   The MCS-90 Endorsement is all encompassing and imposes obligations upon the insurer, which go far beyond the provisions of ordinary vehicle policies. This was done as a policy decision at the federal level for the purpose of insuring an elevated degree of financial responsibility and to further protect injured persons on the highways from the vagaries of coverage disputes.

55.    That this court should find that as a matter of law the MSC-90 Endorsement is not affected by the fact that the liability of the named insured thereon is passive and vicarious, as opposed to active negligence.

**WHEREFORE,** Plaintiff, JAMES McIVER, requests a declaration of the parties rights and duties of the under the contract between defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC and defendant FEZA TRANS, LLC and that this court should find that defendants FEZA TRANS, LLC and ELVIN R. ANDUJAR-ORTIZ were hauling a container for, under lease to and/or under dispatch to and/or otherwise acting in the trucking business of the defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC at the time of the underlying accident of June 24, 2016

and that as federally regulated motor carriers on the date of the occurrence the defendant OCCIDENTAL FIRE & CASUALTY COMPANY OF NC as defendants SCT TRANSPORTATION, LLC and SMITH CARGO TRANSPORTATION LLC insurer, is obligated to afford sole and primary coverage to FEZA TRANS, LLC and ELVIN R. ANDUJAR-ORTIZ for the occurrence of June 24, 2016  and pursuant to the MSC -90 policy Endorsement under the insurance policy issued by defendant OCCIDENTAL FIRE & CASUALTY COMPANY OF NC this court should find that as a matter of law the MSC-90 Endorsement is not affected by the fact that the liability of the named insured thereon is passive  and vicarious, as opposed to active negligence and for such other and further relief as this Court deems just and proper.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of New Jersey Rules, notice is given that John H. Shields, Esquire is hereby designated as trial counsel.

### JURY DEMAND

Plaintiffs do hereby demand a trial by a jury on all issues so triable.

CELLINO & BARNES, P.C.

BY: JOHN H. SHIELDS, Esq.(JS 7313)
Attorneys for Plaintiffs
420 Lexington Avenue, Suite 2140
New York, New York 10170
john.shields@cellinoandbarnes.com

Dated: New York, New York
        November 30, 2018

EXHIBIT 1

**New Jersey Police Crash Investigation Report**   ☒ Reportable   ☐ Non-Reportable   ☐ Change Report

Page 1 of 4   ☐ Fatal

| 1 Case Number | 16014050 | 10 Crash Occurred On | ROUTE 1 & 9 | W | 11 Speed Limit 4 5 |
|---|---|---|---|---|---|

2 Police Dept an   Code
KEARNY PD   1

3 Station/Precinct   150
PRECINCT

☐ At Intersection with   Road Name   Dir
☒ Feet   ☐ N ☐ E of   OLD LINCOLN HWY
☐ Miles   ☐ S ☐ W of

12 Route No.   Suffix   13 Milepost 2 5

| 4 Date of Crash | 0 6 2 4 1 6 | Th | 8 Time 0 5 4 7 | 9 Total Killed | 9 Total Injured |
|---|---|---|---|---|---|
|  |  |  | 0 9 0 7 | 0 | 0 |

20 Route No. 2 5

23 Veh No 01   ☐ Parked   03040641-2   25 Ins Code 135   53   A12631031291   55 Ins Code 182

26 Driver's First Name   Initial   Last Name   ☐ Hit & Run
ELVIN   R   ANDUJAR-ORTIZ

56 Driver's First Name   Initial   Last Name
JOSE   R   MONTANO

29 Sex M   56 Sex M

27 Number and Street   1116  79TH STREET APT# 2

30 Eyes 2   57 Number and Street   232   STILES STREET   60 Eyes 1

28 City   NORTH BERGEN   State NJ   Zip 07047
58 City   ELIZABETH   State NJ   Zip 07208

31 State NJ   32 Drivers License No   A5893  22179  08822
33 DOB 02,05,82   34 Expires 08,17

61 State NJ   62 Drivers License No   M6438  41079  06711
63 DOB 06,26,71   64 Expires 04,19

35 Owner's First Name   Initial   Last Name
☐ Same As Driver   FEZA TRANS LLC-

65 Owner's First Name   Initial   Last Name
☐ Same As Driver   LEVENTHAL FAMILY

36 Number and Street   375   UNION AVENUE
66 Number and Street   PO BOX 299

37 City   RUTHERFORD   State NJ   Zip 07070
67 City   KEARNY   State NJ   Zip 07032

| 38 Make | 39 Model | 40 Color | 41 Year | 42 Plate No | 43 State |
|---|---|---|---|---|---|
| INTERNATIONAL | TRUCK | WT | 05 | AP112M | NJ |

| 68 Make | 69 Model | 70 Color | 71 Year | 72 Plate No | 73 State |
|---|---|---|---|---|---|
| FREIGHTLINER | M2 106 | MN | 13 | XATU51 | NJ |

44 VIN   1HSHXAHR35J02969   45 Expires 04,17
74 VIN   1FVACXDT7DHFJ7951   75 Expires 03,17

46 Vehicle Removed In ☒ Driven ☐ Left at Scene ☐ Towed   47 ☐ Owner ☐ Driver ☐ Police
☐ Impound ☐ Disabled

76 Vehicle Removed In ☒ Driven ☐ Left at Scene ☐ Towed   77 ☐ Owner ☐ Driver ☐ Police
☐ Impound ☐ Disabled

48 Alcohol/Drug Test
Given: ☒ No ☐ Yes ☐ Refused
Type: ☐ Breath ☐ Blood ☐ Urine
Results: 0._ _ %   ☐ Pending

134 Crash Diagram (NOT TO SCALE)
◯ Indicate North

78 Alcohol/Drug Test
Given: ☒ No ☐ Yes ☐ Refused
Type: ☐ Breath ☐ Blood ☐ Urine
Results: 0._ _ %   ☐ Pending

49 Hazardous Material   Name or Placard No
On Board ☐ Spill ☐   ◇

79 Hazardous Material   Name or Placard No
On Board ☐ Spill ☐   ◇

50 Carrier No. ☒ USDOT ☐ Other*
818408

80 Carrier No. ☒ USDOT ☐ Other*
333287

51 Commercial Vehicle Weight
☒ ≤ 10,000 lbs
☐ 10,001 - 26,000 lbs
☐ ≥ 26,001 lbs

81 Commercial Vehicle Weight
☒ ≤ 10,000 lbs
☐ 10,001 - 26,000 lbs
☐ ≥ 26,001 lbs

52 Carrier name   SCT TRANSPORTATION
82 Carrier name   FEDWAY

135 Crash Description

1) Driver of V1 stated that while traveling on the right lane of Route 1&9
South, he observed that traffic stopped in front of him too late, which resulted
in the front his vehicle colliding with the rear of V2.
2) Driver of V2 stated that he observed V3 stop in front of him and stopped
as well. Immediately after doing so, driver of V2 stated the rear of his

136 Damage To Other Property   NONE

Oper. 01.   137 Charge ☐ Multiple Charges   138 Summons No   Oper. 01.   139 Charge ☐ Multiple Charges   140 Summons No

141 Officer's Signature   JEAN, JORDENSON
142 Badge No. 284   143 Reviewed By   TAYLOR, 213   Badge No.   144 Case Status ☐ Pending ☒ Complete

| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Addresses of Occupants - If Deceased, Date & Time of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 01 | 01 | 01 | - | 33 | M | - | - | 1 | 09 | 04 | - | - | ELVIN R ANDUJAR-ORTIZ 1116 79TH STREET 2 NORTH BERGEN NJ 07047 |
| B | 02 | 01 | 01 | - | 44 | M | - | - | 1 | 09 | 04 | - | - | JOSE R MONTANO 232 STILES STREET ELIZABETH NJ 07208 |
| C | 02 | 03 | 01 | - | 58 | M | - | - | 1 | 09 | 04 | - | - | JAMES E MCIVER 2103 HONEYWELL 11A BRONX NY 10460 |
| D | 03 | 01 | 01 | - | 51 | M | - | - | 1 | 09 | 04 | - | - | ORLANDO RIVERA 1417 SOUTH STILES STREET LINDEN NJ 07036 |
| E | 03 | 03 | 01 | - | 57 | M | - | - | 1 | 09 | 04 | - | - | WILLIAM PETERSON 20104 115TH AVENUE SAINT ALBANS NY 11412 |

NJTR-1 (rev 07/2005)          Record Bureau Copy

Page 2 of 4   ☐ Fatal   **New Jersey Police Crash Investigation Report**   ☒ Reportable   ☐ Non-Reportable   ☐ Change Report

| 1 Case Number 16014050 | 10 Crash Occurred On ROUTE 1 & 9 | Dir W | 11 Speed Limit 4 5 | - - - - - - - - - | 118a 25 |
| 2 Police Dept or Code KEARNY PD 1 | ☒ At Intersection with ☐ Feet ☐ Mces | Road Name OLD LINCOLN HWY | 12 Route No. Suffix | 13 Milepost | 118b |
| 3 Station/Precinct PRECINCT | 150 N☐ E☐ of S☒ W☐ | 17 Cross Road Name | - | 16 Speed Limit 2 5 | |
| 4 Date of Crash mm dd yy 0 6 2 4 1 6 | 5 Day of Week Su M Tu W Th F☒ S | 6 Time (use 2400 hrs) 0 8 4 7 | 7 Municipality 0 9 0 7 | 8 Total Killed 0 0 | 9 Total Injured | |
| 23 Veh No 03 | 24 Policy No A12631031291455 | 25 Ins Code 182 | | 55 Ins Code - | 120 01 |
| ☐ Parked ☐ Ped ☐ Pedalcyclist ☐ Resp to Emergen ☐ Hit & Run | | ☐ Park ☐ Ped ☐ Pedalcyclist ☐ Resp to Emergency ☐ Hit & Run | | 121 - | |
| 26 Driver's First Name ORLANDO Initial - Last Name RIVERA | 29 Sex M | 56 Driver's First Name Initial Last Name | 59 Sex - | | |
| 27 Number and Street 1417 SOUTH STILES STREET | 30 Eyes 2 | 57 Number and Street | 60 Eyes - | | |
| 28 City LINDEN State NJ Zip 07036 | | 58 City State Zip | | | |
| 31 State NJ | 32 Drivers License No R4752 60700 04652 | 33 DOB mm dd yy 04 26 65 | 34 Expires mm yy 12 19 | 61 State - | 62 Drivers License No -- - | 63 DOB mm dd yy -- -- -- | 64 Expires mm yy -- -- | 122 00 |
| 35 Owner's First Name ☐ Same As Driver Initial - Last Name LEVENTHAL FAMILY | | 65 Owner's First Name ☐ Same As Driver Initial Last Name | | 123 - | |
| 36 Number and Street - PO BOX 299 | | 66 Number and Street | | 124 08 | |
| 37 City KEARNY State NJ Zip 07032 | | 67 City State Zip | | 125 - | |
| 38 Make FREIGHTLINER | 39 Model M2 106 | 40 Color MN | 41 Year 13 | 42 Plate No. XATU49 | 43 State NJ | 68 Make | 69 Model | 70 Color | 71 Year | 72 Plate No. | 73 State | |
| 44 VIN 3ALACXDT8DDFJ7978 | | 45 Expires 03 17 | 74 VIN | | 75 Expires -- -- | |
| 46 Vehicle Removed by ☒ Driven ☐ Left at Scene ☐ Towed ☐ Impound ☐ Disabled | 47 Authority | ☐ Owner ☐ Driver ☒ Police | 76 Vehicle Removed To ☐ Driven ☐ Left at Scene ☐ Towed ☐ Impound ☐ Disabled | 77 Authority | ☐ Owner ☐ Driver ☐ Police | |
| 48 Alcohol/Drug Test Given : ☒ No ☐ Yes ☐ Refused Type : ☐ Breath ☐ Blood ☐ Urine Results: 0 . _ _ % ☐ Pending | 134 Crash Diagram (NOT TO SCALE) ☐ Indicate North | | 78 Alcohol/Drug Test Given : ☐ No ☐ Yes ☐ Refused Type : ☐ Breath ☐ Blood ☐ Urine Results: 0 . _ _ % ☐ Pending | 126 04 |
| 49 Hazardous Material ☐ On Board ☐ Spill Name or Placard No. - | | 79 Hazardous Material ☐ On Board ☐ Spill Name or Placard No - | 127 - |
| 50 Carrier No. ☒ USDOT ☐ Other * 333287 | | 80 Carrier No. ☐ USDOT ☐ Other * | 128a 26 |
| 51 Commercial Vehicle Weight ☒ ≤ 10,000 lbs ☐ 10,001 - 26,000 lbs ☐ ≥ 26,001 lbs | | 81 Commercial Vehicle Weight ☐ ≤ 10,000 lbs ☐ 10,001 - 26,000 lbs ☐ ≥ 26,001 lbs | 128b - |
| 52 Carrier name FEDWAY | | 82 Carrier name - | 128c - |

135 Crash Description

vehicle was struck by the front of V1. As a result of being pushed forward by the impact, driver of V2 went on to state that the front of his vehicle struck the rear of V3.

3) Driver of V3 stated that while traveling on the right lane of Route 1&9 South, he stopped in traffic due to traffic congestion. Shortly after doing so,

| 136 Damage to Other Property NONE | | | | |
| Opar. 03 | 137 Charge ☐ Multiple Charges - | 138 Summons No. | Opar. - | 139 Charge ☐ Multiple Charges - | 140 Summons No. |
| 141 Officer's Signature JEAN, JORDENSON | | 142 Badge No. 284 | 143 Reviewed By TAYLOR, | Badge No. 213 | 144 Case Status ☐ Pending ☒ Complete |

| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Addresses of Occupants - If Deceased, Date & Time of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | | | | | | | | | | | | | | |
| B | | | | | | | | | | | | | | |
| C | | | | | | | | | | | | | | |
| D | | | | | | | | | | | | | | |
| E | | | | | | | | | | | | | | |

NJTR-1 (rev. 07/2005)     Record Bureau Copy

Page **3** of **4**

| New Jersey Police Crash Investigation Report | Police Dept: **KEARNY PD** | Code: **1** |
|---|---|---|
| Motor Vehicle Crash Description | Station **PRECINCT** | Case No **16014050** |

(Refer to vehicle by number)

| | Veh Occ | Pos InvOn | Eject | Phys Cond | Age | Sex | Loc Inj | Type Inj | Rst Mou | Equip Avail | Equip Used | Bag Dept | Hosp Code | Names & Addresses of Occupants – If Deceased, Date & Time of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | |
| A L L  I N V O L V E D | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |

**135 Crash Description**

driver of V3 stated that the rear of his vehicle was struck by the front of V2.

Driver of V3 learned that it was a result of V2 being struck by V1.

4) All parties involved in the collision did decline medical attention while on scene.

5) End Report.

**JEAN, JORDENSON**
Officer's Signature

**284**
Badge Number

NJTR-1A (rev. 07/2005)

Page 4 of 4

| New Jersey Police Crash Investigation Report | Police Dept: KEARNY PD | Code: 1 |
|---|---|---|
| Motor Vehicle Crash Diagram | Station PRECINCT | Case No: 16014050 |



NOT TO SCALE

JEAN, JORDENSON

Officer's Signature

284

Badge Number

NJTR-1B (rev 07/2005)

EXHIBIT 2

**SCT TRANSPORTATION**

**INDEPENDENT CONTRACTOR AGREEMENT**

This AGREEMENT (the "Agreement") is made and entered into as of **10/20/14**, of by and between SCT Transportation, hereinafter referred to as ("CARRIER") and **FEZA TRANS /** an independent trucking contractor maintaining a business address at **375 UNION AVE RUTHERFORD**, hereinafter referred to as ("CONTRACTOR").

(92207070)

**TERMS AND CONDITIONS**

1. **Parties.** CARRIER is a motor carrier operating under authority granted by the U.S. Department of Transportation (DOT) and is engaged in the transportation of goods pursuant to contracts with various Shippers (collectively referred to as "SHIPPER"). Contractor is in the trucking business and desires to lease certain equipment to Carrier and operate the equipment under terms of this Agreement.

2. **Provision of Equipment and Labor.** CONTRACTOR agrees to furnish to CARRIER the equipment described in Schedule A (the "Equipment"), along with the drivers and other personnel necessary to operate the Equipment.

3. **Contractor's Duties.** Contractor shall perform this Agreement in a safe, competent and workmanlike manner and shall be responsible to CARRIER for compliance by CONTRACTOR and CONTRACTOR's employees, with the requirements of all applicable federal, state and municipal laws, and regulations, including, but not limited to, DOT regulations covering the operation of motor vehicles. In performing this Agreement, CONTRACTOR shall direct the operation of the Equipment in all respects including such matters as choice of any lawful routes, the number of drivers required per unit of Equipment, points for service of the Equipment and rest stops. CONTRACTOR shall be solely responsible for the direction and control of CONTRACTOR's employees, including selecting, hiring, firing supervising, directing, training, setting wages, hours and working conditions, and paying and adjusting grievances of each employee. However, the number of drivers furnished by the CONTRACTOR shall be by mutual agreement with the CARRIER, to performing this Agreement, Contractor shall maintain the delivery schedules and the levels of service required by the CARRIER.

4. **INDEPENDENT CONTRACTOR.** All of CONTRACTOR's activities under this AGREEMENT shall be performed in its capacity as an independent contractor. Neither CONTRACTOR nor any of CONTRACTOR's employees shall be, or be considered to be, employees of CARRIER at anytime, under any circumstances or for any purposes. Provisions in this Agreement that relate to control of the use of Equipment covered by this Agreement are sole purpose of assuring compliance with applicable DOT regulations and in conformance with those regulations, are not intended to establish an employee-employee relationship between CARRIER and CONTRACTOR or its employees or agents.

1

5.      **CONTRACTOR's Employees.**   All persons necessary to carry out CONTRACTOR's obligation to provide Labor under this Agreement shall be employed solely by CONTRACTOR. All such employees shall be experienced, competent and qualified to carry out the work to be performed by the CONTRACTOR under this Agreement. Such employees shall meet all DOT requirements and comply fully with other applicable federal, state and municipal laws, and regulations as well as CARRIER's Safety and Experience Requirements. CONTRACTOR must prior to utilization of any work under this AGREEMENT, submit to CARRIER the employee's identity and all pertinent information necessary to document COMPLIANCE with this section.

6.      **Labor Expenses**   CONTRACTOR has and shall retain sole financial responsibility for all expenses associated with the provisions of Labor under this Agreement including, but not limited to, payment of wages, benefits, and all withholding and employment taxes due federal, state, and local governments. CONTRACTOR agrees to indemnify and hold CARRIER harmless from any claims for wages, benefits or unpaid taxes related to CONTRACTOR's provision of Labor. In order to fulfill these obligations, CONTRACTOR shall:

   (a)      file, at the time and place specified by applicable law, all federal, state and local income, withholding, employment and highway use tax forms and returns which CONTRACTOR is required to file and pay when due all federal, state and local taxes and contributions payable in connection with CONTRACTOR's activities; and

   (b)      procure workers' compensation insurance covering all persons assigned CONTRACTOR to perform work under this Agreement and file any forms required by applicable workers' compensation laws (where contractor is a sole proprietor and employs no other persons, Contractor may in lieu of workers compensation insurance provide proof of occupational accident insurance coverage.) If contractor is unable to provide occupational accident insurance, carrier will provide occupational accident insurance for the contractor at a cost of $125.00 per employee per month ; and

   (c)      furnish CARRIER such evidence of compliance with the foregoing requirements as CARRIER shall reasonably require, including but not limited to a certificate of workers' compensation insurance covering all employees performing work under this Agreement.

7.      **Equipment Expenses.**   CONTRACTOR has sole responsibility for the selection, acquisition and financing of all Equipment. CONTRACTOR will pay all operating and maintenance expenses on Equipment, including, but not limited to, those expenses set out in Schedule B. Each Equipment shall at all times be in full compliance with DOT regulations as well as other applicable federal, state, and municipal laws, regulations and ordinances. The condition and appearance of the Equipment must comply with the CARRIER's minimum standards, CONTRACTOR shall procure, install and maintain in good working order such tools, accessories and devices as may be required by CARRIER, including an on board communication device or other tracking equipment meeting the CARRIER's specifications.

8.      **Equipment- Control and Utilization.**   DOT regulations require that for the protection of the public, CARRIER have exclusive possession, control and use of the Equipment for the duration of the AGREEMENT. CONTRACTOR hereby grants to CARRIER such possession, control and use of the EQUIPMENT as may be required to comply with applicable DOT regulations. However, nothing in this section shall be deemed to affect CONTRACTOR's status as an independent contractor.

9.      **Insurance, Claims, Loss and Damage.**   CONTRACTOR and CARRIER shall be responsible for insurance coverage, claims, losses and damages in accordance with Schedule C.

2

10. **Payment to CONTRACTOR.** CARRIER agrees to pay CONTRACTOR for the use of the Equipment and Labor in accordance with the written payment schedule in effect at the terminal from which CONTRACTOR is dispatched (Schedule D). The payment schedule as agreed upon by CARRIER and CONTRACTOR, and amended from time to time, shall be executed by the parties prior to the commencement of any trip covered by the schedule and shall become addendum to this Agreement. Payments by CARRIER to CONTRACTOR for each shipment are subject to the following conditions:

(b) Receipt by CARRIER from CONTRACTOR of documents showing completed delivery of the shipment and drivers logs required by the DOT.

(b) CARRIER may deduct all or part of any amount for which CONTRACTOR is then indebted to CARRIER, including, any costs and expenses which have been advanced by CARRIER.

(d) CARRIER shall pay CONTRACTOR within fifteen (15) days after submission to CARRIER of the documentation specified in (b) above.

(e) CARRIER shall give CONTRACTOR with each payment a summary calculation of the amount earned by CONTRACTOR for each completed shipment along with an itemization of any deductions. CONTRACTOR may view, upon reasonable notice during CARRIER's normal business hours, documentation underlying the payment summary.

11. **No Purchase or Rental Obligations.** CONTRACTOR is not required to purchase or rent any products, equipment or services from CARRIER.

12. **Duration.** Subject to the termination provision herein, this Agreement shall be for an initial period of one year beginning at the date and time CARRIER and CONTRACTOR execute Schedule A hereof, and shall automatically renew for a one-year period on each successive anniversary date unless notice of intent to terminate is given set forth in Paragraph 13, below.

13. **Termination.** This Agreement will terminate upon the giving of written notice by either party to the other of intent to terminate the Agreement. Upon termination of this agreement CONTRACTOR shall immediately remove the Equipment and return to Carrier all removable identification devices, placards, and all other property in the possession of CONTRACTOR that is owned or provided by CARRIER. All non-removable identification devices and placards on the Equipment shall be immediately covered up and, as soon as reasonably practicable, removed or painted over until completely hidden.

14. **Entire Agreement.** This Agreement supersedes all previous Agreements and constitutes the entire agreement and understanding between the parties and may only be modified, altered, changed, or amended by a written instrument signed by both parties.

15. **Not Agents.** Neither party hereto is the agent of the other and neither party shall have the right to bind the other by contract or otherwise except as otherwise specifically provided in this Agreement.

16. **Schedules.** All Schedules attached to this Agreement or added during the term of the Agreement are an integral part of this Agreement.

3

The parties have executed this Agreement as of the day and year appearing above.

SCT TRANSPORTATION

By: [illegible]

CONTRACTOR: FEZA TRANS LLC

By: [illegible]

## SCHEDULE A

### EQUIPMENT FURNISHED BY CONTRACTOR

The contractor warrants that the following equipment conforms to and meets all DOT requirements and all other applicable federal and state laws and regulations.

TRACTORS:

| YEAR & MAKE | V.I.N. | DATE & TIME PLACE IN SERVICE |
|---|---|---|
| 2005 FRHT | 1FUJF0DE45LU68904 | 10-20-14 |
| 2005 INTL | 1RSHXAHR85JD29699 | 10-20-14 |
| 2006 VOLV | 4V4NC9TG26N400426 | 10-20-14 |
| 2001 FRHT | 1F4YSSEA61LG56914 | 10-29-14 |
| 2000 Volvo | 4V4MD2UG6YN249060 | 11-18-15 |
| 2006 Volvo | 4V4NC9GN86N443459 | 11-14-15 |

SCT TRANSPORTATION
BY: Tobery Cross

CONTRACTOR: FEZA TRANS LLC
BY: Billy Fa

5

## SCHEDULE B

### OPERATING COSTS AND EXPENSES

CONTRACTOR shall be responsible for the following expenses associated with the performance of this Agreement. This listing is for purposes of illustration only and is not meant to include all possible expenses.

A.  Fuel and oil that is used to operate the Equipment as well as fuel and oil used to operate auxiliary power units.

B.  Fuel permits, fuel use taxes, and mileage taxes in those states where applicable, including the cost of preparation and filing of fuel use tax reports and mileage tax reports. Only if CONTRACTOR holds an IFTA license in CONTRACTOR's name may CONTRACTOR directly file use tax reports with the appropriate reporting agency. Where CONTRACTOR utilizes CARRIER's IFTA license number for reporting purposes, CONTRACTOR will be responsible for the cost of preparation and filing of the tax report.

C.  All license fees required for operation of the Equipment.

D.  All toll fees and scale charges incurred in the operation of the Equipment.

E.  Maintenance, including oil, lubricants, anti-freeze, parts, labor, tow charges and other maintenance bills from any repair facility upon the Equipment.

F.  The purchase and repair of all tires on the Equipment.

G.  All fines for violations (including for overweight trailers) resulting from the acts or omissions of CONTRACTOR or CONTRACTOR's employees.

6

### SCHEDULE C

### INSURANCE, CLAIMS, LOSS OF OR DAMAGE TO

### EQUIPMENT AND/OR CARGO

1.  CARRIER shall maintain and provide insurance coverage for the protection of the public in compliance with federal laws governing the operation of motor vehicles.

2.  CONTRACTOR shall be responsible for maintaining and providing, at CONTRACTOR's expense, physical damage and bobtail liability insurance on the Equipment with limits and coverage provisions satisfactory to CARRIER.

3.  CONTRACTOR shall be responsible for maintaining and providing, at CONTRACTOR's expense, workers compensation insurance covering all employees of CONTRACTOR. If CONTRACTOR is sole proprietor and employs no other persons, occupational accident and disability insurance providing benefits comparable to the applicable workers compensation law may be substituted for workers compensation coverage.

4.  Loss due to fire, theft or accident, including fuel spill, must be reported by CONTRACTOR or CONTRACTOR's representative to the Safety Department as soon as reasonably practicable after the occurrence.

5.  (a)   In the event of loss, including theft, or physical damage to a trailer or other property of CARRIER while under control of CONTRACTOR, CONTRACTOR shall be responsible for and liable to CARRIER for the first $2,000.00 of loss or damage to the property (unless such loss or damage was intentionally caused by CONTRACTOR in which event CONTRACTOR shall be responsible for the entire amount of the loss or damage). CONTRACTOR will also be responsible for the uninsured portion of any wrecker charge associated with the loss. CARRIER may deduct such sums from the payments due CONTRACTOR hereunder. Before any such deductions are made, Carrier must provide CONTRACTOR with a written explanation and itemization of said deduction for loss or damage to the property of CARRIER, and upon request, shall afford CONTRACTOR copies of those documents that are necessary to determine the amount of the charge. Contractor agrees that CARRIER will hold in Escrow the sum of $1,000.00 to cover the above. CARRIER will deduct the sum of $100.00 from each trip until the escrow reaches $1,000.00.

(b)   In the event liability to third parties arises as a result of operation of the EQUIPMENT while under the control of a CONTRACTOR, CONTRACTOR shall be responsible for and liable to CARRIER for the first $1,000.00 of such liability (unless such liability was intentionally caused by CONTRACTOR, or arises from a fuel spill not associated with a collision, in which event CONTRACTOR shall be responsible for the entire amount of the liability). CARRIER may deduct such sums from the payment to CONTRACTOR of settlements due CONTRACTOR hereunder. Before any such deductions are made, CARRIER must provide CONTRACTOR with written explanation and itemization of said deduction, and

7

upon request, shall afford CONTRACTOR copies of these documents which are necessary to determine the validity of the charge. Contractor agrees that CARRIER will hold in Escrow the sum of $1,000.00 to cover the above. CARRIER will deduct the sum of $100.00 from each trip until the escrow reaches $1,000.00.

6. In the event of any loss, including theft, of or damage to cargo while under the control of CONTRACTOR, CONTRACTOR shall be responsible for and liable to CARRIER for the first $1,000.00 of the value of the cargo (unless such loss or damage was intentionally caused by CONTRACTOR in which event CONTRACTOR shall be responsible for the entire amount of loss or damage). CONTRACTOR shall also be responsible for the unfunded portion of any cargo clean-up and/or cargo disposal charges associated with the loss. CARRIER may deduct such sums from payment to CONTRACTOR of settlements due CONTRACTOR hereunder. Before any such deductions are made, CARRIER must provide CONTRACTOR with a written explanation and itemization of said deduction for loss of or damage to the cargo, and upon request, shall afford CONTRACTOR copies of those documents which are necessary to determine the validity of the charge. Contractor agrees that CARRIER will hold in Escrow the sum of $1,000.00 to cover the above. CARRIER will deduct the sum of $100.00 from each trip until the escrow reaches $1,000.00.

SCT TRANSPORTATION

By: _Torrey Carr_

CONTRACTOR _FEZA TRANS LLC_

By: _Billy Feza_

May 08 15 03:56p          Feza Trans LLC                                    2015287454                          p.1

**INSURANCE IDENTIFICATION CARD**

**INSURANCE COMPANY**

NEW YORK MARINE & GEN. INS. CO

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| PK2014MCA00476 | 6-13-14 | 6-13-15 |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| | ALL OWNED | &/OR LEASED |

**AGENCY ISSUING CARD**

IHIB Int'l Transportation Ins. Service, Inc.
30 Kimball Ave. Suite 301
South Burlington, VT 05403

Phone:  (802) 654-4500
Fax:    (802) 654-4514
Toll Free: (800) 322-8782

**INSURED**

SCT Transportation LLC
8804 Maislin Dr
Tampa  FL  33637

SEE IMPORTANT NOTICE ON REVERSE SIDE

**THIS CARD MUST BE KEPT IN THE INSURED VEHICLE AND PRESENTED UPON REQUEST**

IN CASE OF ACCIDENT:

Report all accidents to your Insurance Company as soon as possible. Obtain the following information:

1.  Name and Address of each driver, passenger and witness.

2.  Name of Insurance Company and Policy number of each vehicle involved.

EXAMINE POLICY EXCLUSIONS CAREFULLY. THIS FORM DOES NOT CONSTITUTE ANY PART OF YOUR INSURANCE POLICY OR BOND.