UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES McIVER,<br><br>     *Plaintiff,*<br><br>vs.<br><br>FEZA TRANS LCC, ELVIN R. ANDUJAR-<br>ORTIZ, SCT TRANSPORTATION, LLC,<br>SMITH CARGO TRANSPORTATION LLC and<br>OCCIDENTAL FIRE & CASUALTY COMPANY<br>OF NORTH CAROLINA, ABC COMPANIES<br>1-10 AND JOHN DOE 1-5 (said<br>identity and names being<br>fictitious an unknown),<br><br>     *Defendants.* | CASE NO.:  2:17-cv-11261 |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH
CAROLINA'S MOTION TO DISMISS

LEGAL\40099101\1

## Table of Contents

                                                        **Page**

INTRODUCTION ................................................. 1

ARGUMENT ...................................................... 4

    A.   McIver's Claim Against Occidental Must be
         Dismissed for Lack of Standing ........................ 4

    B.   McIver's Opposition Brief and Accompanying
         Case Law Misses the Mark ................................ 5

CONCLUSION .................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Air Master Sales Co. v. Northbridge Park Co-Op, Inc.*,
748 F. Supp. 1110 (D.N.J. 1990) ............................... 6

*Biasi v. Allstate Ins. Co.*,
104 N.J. Super. 155 (N.J. Super. Ct. App. Div. 1969) ........ 5

*Brillhart v. Excess Insurance*,
316 U.S. 491 (1942) ......................................... 8

*Caldwell Trucking PRP Group v. Spaulding Composites*,
*Co.*, 890 F. Supp. 1247 (D.N.J. 1995) ..................... 5, 6

*Colorado River Water Conservation District v. U.S.*,
424 U.S. 800 (1976) ......................................... 9

*Murray v. Allstate Ins. Co.*,
209 N.J. Super. 163 (N.J. Super. Ct. App. Div. 1986) ........ 5

*Porowski v. Rehm*, 2008 WL 5273086 (N.J. Super. Ct.
App. Div. Dec. 22, 2008) .................................... 5

*Rarick v. Federated Service Insurance Co.*,
852 F. 3d 223 (3d Cir. 2017) ................................ 9

*Reider v. Communities, Inc. v. Twp. Of North
Brunswick*,
227 N.J. Super. 214 (N.J. App. Div. 1988) ................... 6

*Reifer v. Westport Ins. Corp.*,
751 F. 3d 129 (3d Cir. 2014) ............................. 8, 9

*Ross v. Lowitz*,
222 N.J. 494 (2015) ......................................... 6

*State Auto Ins. Companies v. Summy*,
234 F. 3d 131 (3d Cir. 2000) ................................ 8

*Tuckey v. Harleysville Ins. Co.*,
236 N.J. Super. 221 (N.J. Super. Ct. App. Div. 1989) ........ 5

*Wilston v. Seven Falls*,
515 U.S. 277 (1995) ......................................... 8

i

**Statutes**

28 U.S.C. Section 2201 ........................................ 8

N.J.S.A. § 17:28-2 ........................................ 5, 6

Federal Rule of Civil Procedure 12(b)(6) ................... 3, 10

Defendant, Occidental Fire & Casualty Company of North Carolina ("Occidental"), submits this Reply Memorandum in further support of its motion pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) to dismiss the Amended Complaint for failure to state a cause of action.

## INTRODUCTION

Plaintiff, James McIver ("McIver"), seeks a declaration compelling Occidental to provide sole and primary coverage to Feza Trans LLC ("Feza") and Elvin R. Andujar-Ortiz ("Ortiz"), under an insurance policy issued to "Smith Cargo Transportation LLC: SCT Transportation LLC" ("Smith Cargo/SCT"), for his bodily injury claim against Feza and Ortiz. However, McIver's claim against Occidental fails as a matter of law.

Occidental's motion to dismiss is simple and straightforward. Occidental's motion contends that McIver's claim fails because (1) New Jersey's "no direct action" rule bars McIver's claim against Occidental; (2) McIver cannot point to any statute as a basis for special standing to assert a direct claim against Occidental; and (3) McIver cannot claim third party beneficiary status to assert a direct claim against Occidental because there are no allegations indicating that Occidental and Smith Cargo/SCT —the only parties to the insurance contract—intended that McIver could sue under the contract.

In an effort to avoid the inevitable dismissal, McIver has strived to create the appearance of confusion and a false impression that this Court has discretion to entertain his direct claim against Occidental. However, in his opposition, McIver does not address any arguments or case law raised in Occidental's motion to dismiss. Instead, McIver cites multiple cases to describe, in conclusory fashion, this Court's discretion to entertain claims under the Federal Declaratory Judgment Act.

Yet not one case to which McIver cites addresses whether a third-party claimant, such as McIver, has standing to assert a direct claim against an insurer in a damages action before liability has been established. Instead, most cases to which McIver cites involve insurers filing declaratory judgment actions against insureds to determine rights under policies. One case did involve an injured party filing suit against an insurer. However, in that case, the insured had assigned its rights under the policy to the injured party, thus providing him standing to assert the claim against the insurer. Here, McIver has not alleged any such assignment.

Accordingly, this Court should reject McIver's arguments and grant Occidental's motion to dismiss.

**ARGUMENT**

## A.   McIver's Claim Against Occidental Must be Dismissed for Lack of Standing

2

For three specific reasons, McIver's direct claim against Occidental must be dismissed for lack of standing. First, as stated in greater detail in Occidental's motion to dismiss, New Jersey law prohibits McIver from asserting a direct action against Occidental.[1] Indeed, the right of action against an insurer inures only to the benefit of the insured and not any stranger (like McIver) to the contract between the insurer and the insured.[2]

Second, McIver cannot point to any statute as a basis for special standing to assert a direct claim against Occidental. The most recognized exception is N.J.S.A. § 17:28-2, which "prohibits an injured third party from maintaining a direct action against an insurer unless the injured party first obtains a judgment and

---

[1]     *Tuckey v. Harleysville Ins. Co.*, 236 N.J. Super. 221, 226 (N.J. Super. Ct. App. Div. 1989) (holding that direct action against insurer failed to state claim on which relief could be granted); *Murray v. Allstate Ins. Co.*, 209 N.J. Super. 163, 165 (N.J. Super. Ct. App. Div. 1986) (affirming dismissal of personal injury claimant's lawsuit against tortfeasor's insurer); *Biasi v. Allstate Ins. Co.*, 104 N.J. Super. 155 (N.J. Super. Ct. App. Div. 1969) ("[W]e conclude that [personal injury claimant] does not have a legal cause of action against [tortfeasor's insurer] or the status to maintain the present suit"); *Caldwell Trucking PRP Group v. Spaulding Composites, Co.*, 890 F. Supp. 1247, 1253, 1256 (D.N.J. 1995) (dismissing complaint of third parties against insurers); *Porowski v. Rehm*, 2008 WL 5273086, *2-3 (N.J. Super. Ct. App. Div. Dec. 22, 2008) (holding that injured plaintiff had no standing to sue general contractor's CGL insurer).

[2]     *Murray*, 209 N.J. Super. at 170; *Biasi*, 104 N.J. Super. at 160.

3

execution against the insured [which] is returned unsatisfied because of either bankruptcy or insolvency."[3]

Here, McIver has not obtained a judgment against anyone, nor has an insured gone into bankruptcy or insolvency. As such, McIver has no legally protected right or cognizable interest at stake against Occidental at this point. Because McIver's rights are contingent on the happening of some event which cannot be forecast and which may never take place, this Court should not allow McIver to maintain a direct claim against Occidental.

Third, McIver cannot assert a direct action against Occidental because he is not a third party beneficiary of the Occidental Policy. Without an assignment of rights, McIver must allege and prove that the contracting parties to the Occidental Policy intended him to be a third-party beneficiary of the agreement at the time the contract was executed.[4] He has failed to do so. Moreover, McIver does not have a cause of action per the Occidental Policy simply because McIver may derive an incidental benefit from the contract's performance. The requisite contractual intent to permit McIver to sue under the Occidental Policy must be manifested explicitly in the Policy itself or in other surrounding circumstances.[5]

---

[3]   N.J.S.A. § 17:28-2; *Caldwell Trucking*, 890 F. Supp. at 1253.

[4]   *Ross v. Lowitz*, 222 N.J. 494, 514 (2015)

[5]   *Reider v. Communities, Inc. v. Twp. Of North Brunswick*, 227 N.J. Super. 214, 222 (N.J. App. Div. 1988); *Air Master Sales Co.*

4

Here, McIver does not allege that he was assigned any rights under the Occidental Policy. Rather, the Amended Complaint contains only the legal conclusion that McIver is a third-party beneficiary under the Occidental Policy. (Am. Compl. ¶ 39) The Amended Complaint, however, does not contain any factual allegations evidencing a manifestation of intent between Occidental and Smith Cargo/SCT to confer upon McIver third-party beneficiary status. McIver is, at most, an incidental beneficiary with no enforceable rights under the Occidental Policy. Therefore, as a matter of law, McIver is not an intended third party beneficiary under the Occidental Policy.

Accordingly, for the preceding reasons, McIver's claim against Occidental should be dismissed with prejudice for lack of standing.

## B.   McIver's Opposition Brief and Accompanying Case Law Misses the Mark

In his opposition brief, McIver strives to create the appearance of confusion and a false impression that this Court has discretion to entertain his direct claim against Occidental. However, the case law to which McIver cites is legally and factually distinguishable from the case at hand.

---

*v. Northbridge Park Co-Op, Inc.*, 748 F. Supp. 1110, 1117 (D.N.J. 1990).

LEGAL\40099101\1

McIver argues that, per the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201, this Court has discretion to "declare the rights and other legal relations of ay [sic] interested party seeking such a declaration"; and cites to *Brillhart v. Excess Insurance*, 316 U.S. 491, 494 (1942), *Wilston v. Seven Falls*, 515 U.S. 277, 279 (1995), and *State Auto Ins. Companies v. Summy*, 234 F. 3d 131 (3d Cir. 2000). In *Brillhart*, an insurer filed a declaratory judgment action to determine rights under a reinsurance agreement.[6] In *Wilston,* an insurer filed a declaratory judgment action against its insured to declare rights under several commercial liability insurance policies.[7] And in *Summy*, an insurer filed a declaratory judgment action against an insured arguing that it had no duty to defend it against a lawsuit.[8] Unlike *Wilston*, *Brillhart*, and *Summy*, Occidental did not file a declaratory judgment claim against an insured in this matter. Rather, McIver, a third-party claimant, filed a direct action against Occidental, which is prohibited by New Jersey law.

McIver also cites in his opposition brief to *Reifer v. Westport Ins. Corp.*, 751 F. 3d 129 (3d Cir. 2014). There, a former client, as an attorney's assignee, filed a declaratory judgment action against an insurer arguing that the attorney was covered by

---

[6]    316 U.S. at 492.

[7]    515 U.S. 277.

[8]    234 F. 3d 131.

a legal malpractice insurance policy.[9] Unlike *Reifer*, however, McIver has not been assigned any rights under the Occidental Policy. Therefore, McIver does not have standing to assert a claim against Occidental.

Finally, McIver's remaining cites are unavailing. *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800 (1976) did not involve insurance, but instead an attempt by the United States and two Indian tribes to seek a declaration of their rights to waters in certain rivers and tributaries located in Colorado. Meanwhile, *Rarick v. Federated Service Insurance Co.*, 852 F. 3d 223 (3d Cir. 2017) concerned a dispute over uninsured motorist coverage for an employee under a company's business automobile policy. Unlike *Rarick*, however, McIver does not have standing to assert a direct claim against Occidental.

Accordingly, this Court should reject McIver's arguments and grant Occidental's motion to dismiss.

---

[9]     751 F. 3d 129.

7

## CONCLUSION

For the foregoing reasons, Defendant Occidental Fire & Casualty Company of North Carolina respectfully requests that this Court grant its motion to dismiss McIver's Amended Complaint pursuant to FRCP 12(b)(6), together with such other and further relief that this Court deems just and proper.

Respectfully submitted,

s/Laura B. Dowgin
LAURA B. DOWGIN
New Jersey State Bar. No.
011592011
COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, NY 10006
Tel: 212-509-9400
LDowgin@cozen.com

RAFAEL RIVERA, JR. *(Pro Hac Vice)*
New York State Bar. No. 5605795
COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, NY 10006
Tel: 212-509-9400
rafaelrivera@cozen.com

JOSEPH A. ZIEMIANSKI *(Pro Hac Vice)*
Texas State Bar No. 00797732
COZEN O'CONNOR
1221 McKinney Street, Suite 2900
Houston, TX 77010
Tel: 832-214-3900
jziemianski@cozen.com

*Attorneys for Defendant,*
*OCCIDENTAL FIRE & CASUALTY Company*
*OF NORTH CAROLINA*

LEGAL\40099101\1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 27, 2019 I electronically filed the foregoing document with the United States District Court District of New Jersey by using the CM/ECF system.

<u>*s/ Laura Dowgin*</u>

LAURA B. DOWGIN
COZEN O'CONNOR P.C.
45 Broadway Atrium, Suite 1600
New York, NY 10006
Tel: 212-509-9400
<u>LDowgin@cozen.com</u>

*Attorneys for Occidental Fire & Casualty Company of North Carolina*

9