# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES McIVER,<br><br>       *Plaintiff*,<br><br>vs.<br><br>FEZA TRANS LCC, ELVIN R. ANDUJAR-ORTIZ, SCT TRANSPORTATION, LLC, SMITH CARGO TRANSPORTATION LLC and OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, ABC COMPANIES 1-10 AND JOHN DOE 1-5 (said identity and names being fictitious an unknown),<br><br>       *Defendants*. | CASE NO.:2:17-cv-11261-KSH-CLW<br><br><br>**DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA'S OPPOSITION TO DRIVE NEW JERSEY INSURANCE COMPANY'S MOTION TO INTERVENE** |

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT........................................... 1

PLAINTIFF'S AMENDED COMPLAINT................................. 2

LEGAL ARGUMENT................................................. 4

I. DNJIC hAS fAILED TO SATISFY THE REQUIREMENTS TO
   INTERVENE AS OF RIGHT PURSUANT TO FED.R.CIV.PROC.24(A) ..... 4

  A. DNJIC Has Failed To Establish A Sufficient Interest
     In This Litigation......................................... 5

  B. DNJIC's Interest Will Not Be Affected Or Impaired,
     As A Practical Matter, By The Disposition Of The Action... 8

  C. DNJIC Is Not A Necessary Party To This Litigation......... 9

    1. The Criteria Required for Intervention as of Right is
       Intended to be the Same as that of a Necessary Party
       Pursuant to Rule 19(a) ................................. 9

    2. DNJIC is not a Necessary Party to this Litigation...... 10

  II. THE COURT SHOULD DENY DNJIC INTERVENTION PURSUANT TO
      FED.R.CIV.PROC.24(B) ..................................... 12

CONCLUSION.................................................... 15

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brody v. Spang*,
   957 F.2d 1108 (3d Cir. 1992) ...............................13

*Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*,
   386 U.S. 129 (1967) ..........................................9

*Certain Underwriters v. Ross*,
   1998 WL 372304 (E.D. Pa. June 17, 1998) .....................11

*Grant v. Coca-Cola Bottling Co. of New York, Inc.*,
   780 F. Supp. 246 (D.N.J. 1991) ..............................8

*Harris v. Pernsley*,
   820 F.2d 592 (3d Cir. 1987) ..................................9

*Hoots v. Pennsylvania*,
   672 F.2d 113 (3d Cir. 1982) .................................13

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
   419 F.3d 216 (3d Cir.2005) ..................................13

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
   471 F.3d 377 (2d Cir. 2006) .............................9, 10

*Michaels Stores v. Castle Ridge Plaza Assocs.*,
   6 F. Supp. 2d 360 (D.N.J. 1998) .............................5

*Mountaintop Condominium Ass'n v. Dave Stabbert Master
   Builder, Inc.*,
   72 F.3d 361 (3d Cir. 1995) ................................5, 6

*Parkway Ins. Co. v. New Jersey Neck & Back*,
   330 N.J. Super. 172 (N.J. L. Div. 1998) .....................8

*Reading Co. v. City of Philadelphia*,
   1995 WL 580082 (E.D. Pa. Sept. 29, 1995) ................10, 11

*Reider v. Communities, Inc. v. Twp. Of North
   Brunswick*,
   227 N.J. Super. 214 (N.J. App. Div. 1988) ...................8

*Restor-A-Dent Dental Laboratories, Inc. v. Certified*
  *Alloy Products, Inc.*,
  725 F.2d 871 (2d Cir. 1984) ...............................6, 7

*Shelton v. Exxon Corp.*,
  843 F.2d 212 (5th Cir. 1988) ...........................11, 12

*United States v. Alcan Aluminum, Inc.*,
  25 F.3d 1174 (3d Cir. 1994) ...............................6, 8

**Other Authorities**

Fed. R. Civ. P. 24, 1966........................................9

Fed. R. Civ. P. 24(a)(2) and 24(b)(1)(B)........................1

FED.R.CIV.PROC.24(A)............................................4

FED.R.CIV.PROC.24(B)...........................................12

6-24 Moore's Federal Practice - Civil § 24.03..................9

4 Moore's Federal Practice § 19.02[5][c] (2005)................9

Rule 19.......................................................12

Rule 19(a).............................................2, 9, 10, 12

Rule 19(a)(1).................................................10

Rule 19(a)(2)(i).............................................10

Rule 19(a)(2)(ii)...........................................11

Rule 24(a)(2)...........................................*passim*

Rule 24(a)(2) and Rule 19(a)..................................9

Rule 24(b)(1).................................................12

Rule 24(b)(1)(B).............................................12

Rule 24(b)(3).................................................13

iii

Defendant Occidental Fire & Casualty Company of North Carolina (hereinafter "Occidental"), by and through its undersigned counsel, Cozen O'Connor, hereby submits this opposition brief in response to Drive New Jersey Insurance Company's ("DNJIC") Motion to Intervene ("Motion").

### PRELIMINARY STATEMENT

DNJIC cannot meet the standard in the Third Circuit permitting it to intervene, and accordingly, its Motion to Intervene should be denied.

DNJIC, Feza Trans LLC's ("Feza") insurer, seeks to intervene as of right, or in the alternative, permissively, pursuant to Fed. R. Civ. P. 24(a)(2) and 24(b)(1)(B), respectively. (Dkt.#38) Specifically, DNJIC seeks to have this court address two coverage issues: (1) whether an exclusion in a policy DNJIC issued to Feza bars defense and indemnity coverage for Feza; and (2) whether, under a policy issued to Smith Cargo Transportation LLC: SCT Transportation LLC" ("Smith Cargo/SCT"), Occidental must provide coverage to Feza.

However, DNJIC has failed to meet the standards required for intervention as of right because it does not have a sufficient interest in the litigation, and because and its interests are not affected or impaired by the disposition of this action. *See* Rule 24(a)(2). Moreover, DNJIC is not in privity with Occidental, so it

does not have standing to make any arguments as to Occidental's rights and obligations under the policy issued to Smith Cargo/SCT. Quite simply, DNJIC merely has a potential economic interest in the outcome of the litigation, in the event (1) a verdict is rendered against Feza and (2) a dispute arises as to DNJIC's liability coverage in connection with same.

Such speculative and intangible interests and contingencies are insufficient to establish intervention as of right. Moreover, the standards required for intervention as of right mirror those required for joinder of a necessary party under Rule 19(a), and DNJIC is not a necessary party to this litigation because it is well-settled that an insurance carrier is not a necessary party under Rule 19(a) to an insured's liability action. Indeed, Occidental has already filed a motion to dismiss on the basis that it should not be a party to this liability action. Finally, permissive intervention is inappropriate because such intervention will unduly complicate the adjudication of the rights of the original parties.

Accordingly, for the reasons set forth below, DNJIC's motion for intervention should be denied in its entirety.

## **PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff James McIver ("McIver") alleges that Feza was the owner or lessee of a 2005 International Box Truck, which was being operated on June 24, 2016 by Ortiz in his capacity as a Feza

employee. (Am. Compl. ¶¶ 12-13)[1]  On that day, McIver was allegedly a passenger in a 2013 Freightliner, which was owned by his employer and operated by Jose R. Montanio, a co-worker. (Am. Compl. ¶ 21) Both vehicles were in New Jersey when the 2005 International Box Truck, operated by Ortiz, came into contact with the 2013 Freightliner. (Am. Compl. ¶¶ 23-24)  As a result of defendants' alleged negligence and/or recklessness, McIver sustained bodily injuries and damages. (Am. Compl. ¶¶ 24-28)

On December 3, 2018, McIver filed an amended complaint, adding SCT Transportation, Smith Cargo, and Occidental as defendants. (Dkt.#19) McIver alleges that Occidental issued an insurance policy to SCT Transportation and Smith Cargo ("Occidental Policy"). (Am. Compl. ¶ 37)  As a purported third-party beneficiary of the policy, McIver alleges that Feza and Ortiz are covered under the Occidental Policy for the accident. (Am. Compl. ¶ 39) McIver seeks a declaration that Occidental is obligated to provide sole and primary coverage to Feza and Ortiz for the accident. (Am. Compl. ¶ 52)

On February 1, 2019, Occidental filed a motion to dismiss the Amended Complaint. Dismissal is warranted (1) because New Jersey's "no direct action" rule bars McIver's claim against Occidental; (2) because New Jersey statutory law prohibits an injured third

---

[1]    The facts as alleged in the Amended Complaint are assumed to be true solely for the purposes of this motion.

party involved in an auto-accident with an insured from maintaining a direct action against an insurer unless the injured party first obtains a judgment and execution against the insured, which is returned unsatisfied because of either the insured's bankruptcy or insolvency; and (3) because McIver is not an intended third party beneficiary of the contractual relationship between Occidental and Smith Cargo/SCT. Occidental is awaiting a ruling from this Court as to its motion to dismiss.

**LEGAL ARGUMENT**

**I.   DNJIC HAS FAILED TO SATISFY THE REQUIREMENTS TO INTERVENE AS OF RIGHT PURSUANT TO FED.R.CIV.PROC.24(A)**

DNJIC seeks to intervene as a matter of right under Rule 24(a)(2), which allows a movant to intervene if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent its interest."

According to the Third Circuit, a movant may intervene only if "(1) the application for intervention is timely; (2) the applicant has sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not so

adequately represented by an existing party in the litigation."[2]
"If an applicant fails to prove any one of these four factors,
intervention as of right is precluded."[3] For the following reasons,
DNJIC cannot establish that it is entitled to intervention as of
right.

### A.   DNJIC Has Failed To Establish A Sufficient Interest In This Litigation

As a movant seeking intervention as of right, DNJIC must
demonstrate "an interest relating to the property or transaction
that is the subject of the action."[4] The United States Supreme
Court has held that an intervenor's interest must be one that is
"significantly protectable."[5] In defining "significantly
protectable," the Third Circuit has held that "the interest must
be a legal interest as distinguished from interests of a general
and indefinite character' ... The applicant must demonstrate that
there is a tangible threat to a legally cognizable interest to
have the right to intervene."[6] A mere economic interest, however,
in the outcome of litigation is insufficient to warrant

---

[2]    *Mountaintop Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).

[3]    *Michaels Stores v. Castle Ridge Plaza Assocs.*, 6 F. Supp. 2d 360, 364 (D.N.J. 1998).

[4]    *Mountaintop*, 72 F.3d at 366.

[5]    *Id*.

[6]    *Id*. (quoting *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987)).

intervention.[7]

Here, DNJIC argues that it has an "unquestionable interest, insofar as it is the commercial auto carrier for defendant Feza." Put differently, DNJIC argues that because it is providing defense coverage to Feza per a reservation of rights, and because it may have to provide indemnity coverage if a verdict is entered against Feza, it has an interest in this litigation. As a result, DNJIC requests the court to determine whether an exclusion in a policy it issued to Feza bars defense and indemnity coverage for Feza.

However, DJNIC's argument fails; this is an economic interest that is not sufficient under Third Circuit precedent. Thus, DNJIC fails to establish a tangible threat to a legally cognizable interest in this litigation, other than an insufficient economic interest as it pertains to potential coverage issues. This is not the type of interest that is sufficient to permit DNJIC's intervention.[8]

Furthermore, DNJIC does not have a sufficient interest in the subject matter of this litigation because its interests are distinct from that of the original parties. In *Restor-A-Dent*, the

---

[7]    *See United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1185 (3d Cir. 1994) (noting that a protectable interest is one belonging to or being owned by the proposed intervenor and that "[s]ome courts have stated that a purely economic interest is insufficient to support a motion to intervene").

[8]    *See Mountaintop*, 72 F.3d at 366 (noting that an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund).

6

transaction in the litigation involved defendant's delivery of allegedly defective alloy to plaintiff, which resulted in plaintiff's breach of contract claim against defendant.[9] The proposed intervenor's interest in the lawsuit was that it would have to pay defendant if plaintiff prevailed with its claim. The court held that the proposed intervenor did not have an interest in the subject matter of the action.[10] Similarly, here, the issues and transactions that are the subject matter of McIver's Amended Complaint, including the auto accident and negligence claim, are distinct from DNJIC's interest in its insurance contract with Feza.

Additionally, the interest asserted by DNJIC depends upon two contingencies: 1) a jury verdict for McIver, at which time only then will the question of DNJIC's liability for indemnity become relevant; and 2) a finding in litigation not yet commenced (and possibly never commenced) between DJNIC and Feza that DNJIC is or is not responsible for indemnification of certain types of losses under the terms of the policy. These contingencies also formed the basis for Second Circuit's finding in *Restor-A-Dent* that the proposed intervenor did not have a sufficient interest in the litigation.[11]

---

[9]   *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871 (2d Cir. 1984).

[10]   *Id.* at 875.

[11]   *Restor-A-Dent*, 725 F.2d at 875.

Finally, DJNIC also requests that this court determine whether, under a policy issued to Smith Cargo Transportation LLC: SCT Transportation LLC" ("Smith Cargo/SCT"), Occidental must provide coverage to Feza. Under New Jersey law, a third-party does not have a cause of action on a contract simply because that third-party may derive an incidental benefit from the contract's performance.[12] DNJIC, as a third party, is not in privity with Occidental, so it does not even have standing to seek a ruling from this Court regarding Occidental's rights and obligations under a policy issued to Smith Cargo/SCT.

For the preceding reasons, DNJIC has failed to establish a sufficient interest in this litigation.

### B.   DNJIC's Interest Will Not Be Affected Or Impaired, As A Practical Matter, By The Disposition Of The Action

DJNIC must also demonstrate that its interest might be affected or impaired, as a practical matter, by the disposition of the action in its absence.[13] Rule 24(a)(2) requires that the movant "demonstrate that there is a tangible threat to a legally

---

[12]  *Reider v. Communities, Inc. v. Twp. Of North Brunswick*, 227 N.J. Super. 214, 221-222 (N.J. App. Div. 1988); *Grant v. Coca-Cola Bottling Co. of New York, Inc.*, 780 F. Supp. 246, 249 (D.N.J. 1991) ("A third-party who merely stands to benefit from a contract is no more than an incidental beneficiary who incurs no contractual right to enforce the contract."); *Parkway Ins. Co. v. New Jersey Neck & Back*, 330 N.J. Super. 172, 187 (N.J. L. Div. 1998) ("[O]ne may not claim standing to assert the rights of a third-party under a contract... . [A] person who is not a party to a contract but who merely benefits from the contract cannot sue to enforce the contract solely because they may benefit from the contract.").

[13]  *Alcan Aluminum*, 25 F.3d at 1885.

8

cognizable interest."[14] A movant's interest is impaired where the disposition of the action in which intervention is sought may prevent future attempts by the movant to pursue its interests.[15]

Here, DNJIC cannot claim that, absent intervention, it will be precluded from pursuing its interests in another action. As explained above, DNJIC does not have an interest in this litigation consistent with case law under Rule 24(a)(2). Moreover, DNJIC's primary concern is the possibility that the jury will return a general verdict against Feza and that it will have to indemnify Feza. This is hardly a tangible threat to a legally cognizable interest. DNJIC's ability to pursue its interests in a separate insurance coverage action is not affected by its lack of participation in this litigation.

### C.  DNJIC Is Not A Necessary Party To This Litigation

#### 1.  The Criteria Required for Intervention as of Right is Intended to be the Same as that of a Necessary Party Pursuant to Rule 19(a)

Rule 24(a)(2) and Rule 19(a), which governs joinder of parties, "are intended to mirror each other."[16] "[I]f a party is

---

[14]   *Harris*, 820 F.2d at 601.

[15]   *See* 6-24 Moore's Federal Practice - Civil § 24.03.

[16]   *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006); *see also* Fed. R. Civ. P. 24, 1966 Advisory Committee's Note ("Intervention of right is here seen to be a kind of counterpart to Rule 19(a) ..."); *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 134 n.3 (1967) (Rule 24(a)(2) is "counterpart to Rule 19(a) ..."); 4 Moore's Federal Practice § 19.02[5][c] (2005).

not 'necessary' under Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2)."[17] Likewise, an applicant under Rule 24(a)(2) is generally "entitled to intervene in an action when his position is comparable to that of a person under Rule 19(a) ...."[18] Thus, if DNJIC does not meet the requirements of Rule 19(a), then it is not entitled to intervention as of right in this action. For the reasons set forth below, DNJIC is not a necessary party to this action.

### 2.   DNJIC is not a Necessary Party to this Litigation

An insurance carrier is not a necessary party under Rule 19(a) to an insured's liability action. In *Reading Co.*, court denied defendants' motion to join their insurers as necessary parties to an indemnification cross-claim in a liability action under Rule 19(a).[19] First, the court reasoned that Rule 19(a)(1) did not apply because the court could afford complete relief as between the existing parties on the indemnification issue without the insurers being present.[20] Second, Rule 19(a)(2)(i) did not apply because the insurers did not need to protect their "interests" against the court possibly construing the insurance policies and determining

---

[17]   *MasterCard*, 471 F.3d at 389.

[18]   *Id*. at 390 (quoting Fed. R. Civ. P. 24, 1966 Advisory Committee Note).

[19]   *Reading Co. v. City of Philadelphia*, 1995 WL 580082 (E.D. Pa. Sept. 29, 1995).

[20]   *Id*. at *2.

the scope of coverage because the insurers had no "interest" in the outcome of the indemnification dispute between the existing parties.[21] Third, Rule 19(a)(2)(ii) did not apply because the insurer would not incur "multiple and inconsistent" obligations if coverage was disputed in a subsequent action following the court's decision on whether one defendant had an obligation to indemnify the other.[22] According to the court, "Rule 19(a)(2)(ii) protects against inconsistent obligations, not inconsistent adjudications; under the Rule a person is protected against situations in which there would be two court orders and compliance with one might breach the other."[23] Thus, the possibility that there would be multiple actions (i.e. a later action re: coverage) was irrelevant and did not make the insurers necessary parties to the present action.[24]

Other cases have also held that the fact that the current lawsuit may engender a subsequent litigation involving the person seeking to be joined does not make that person a necessary party to the current lawsuit.[25] This is so because "it is the threat of inconsistent obligations, not the possibility of multiple

---

[21]    *Id*.

[22]    *Id*. at * 3.

[23]    *Id*.

[24]    *See id*.

[25]    *See Certain Underwriters v. Ross*, 1998 WL 372304, at *4-5 (E.D. Pa. June 17, 1998); *Shelton v. Exxon Corp.*, 843 F.2d 212, 218 (5th Cir. 1988).

litigation ... that determines Rule 19 considerations."[26]

Here, complete relief among the existing parties can be afforded in the current action without the presence of DNJIC, and any issues related to coverage between Feza and DNJIC, should they arise, can be resolved in a separate action. The mere possibility that DNJIC may be involved in such separate litigation at a later date does not make DNJIC a "necessary party" to this action under Rule 19(a). Moreover, DNJIC, as a third party, is not in privity with Occidental, so it does not even have standing to seek a ruling from this Court regarding Occidental's rights and obligations under a policy issued to Smith Cargo/SCT

In light of these facts, and DNJIC's inability to satisfy the requirements of Rule 19(a), DNJIC is not entitled to intervention as of right pursuant to Rule 24(a)(2).

## II.   THE COURT SHOULD DENY DNJIC INTERVENTION PURSUANT TO FED.R.CIV.PROC.24(B)

DNJIC's request for permissive intervention pursuant to Rule 24(b)(1) should also be rejected because DNJIC does not have "a claim or defense that shares with the main action a common question of law or fact."[27] Here, DNJIC's interest lies in the potential

---

[26]   *Shelton*, 843 F.2d at 218; *see also Field v. Volkswagenwerk AG*, 626 F.2d 293, 301–302 (3d Cir. 1980) ("Nor ... does the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic, trigger the application of Rule 19.").

[27]   Rule 24(b)(1)(B).

obligation to provide coverage for Feza in connection with McIver's claim. This issue is wholly separate from the causes of action between the parties to the lawsuit. Indeed, the issue of whether the DNJIC policy provides coverage to Feza is irrelevant to the auto accident and alleged negligence. Thus, no common question of law or fact exists between this litigation and the potential insurance coverage dispute that may or may not subsequently occur.

As the decision to grant permissive intervention rests with the discretion of the court, in evaluating the applicability of permissive intervention, courts should consider whether the proposed intervenors will add anything to the litigation and whether the intervention will unduly delay or prejudice the adjudication of the original parties.[28] Here, DNJIC's intervention would serve no purpose other than to complicate the prompt and efficient adjudication of Occidental's motion to dismiss, which argues that neither it nor any other insurer should not be a party to this liability action.

Finally, it has been held that a "contingent financial interest is insufficient to permit permissive intervention under Third Circuit precedent." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*,

---

[28] *See* Rule 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights"); *Brody v. Spang*, 957 F.2d 1108, 1115-16, 1124 (3d Cir. 1992); *Hoots v. Pennsylvania*, 672 F.2d 1107 (3d Cir. 1982)).

419 F.3d 216, 228 (3d Cir.2005). Thus, DNJIC's contingent financial interest in this litigation, namely the potential coverage dispute with Feza after a jury returns a verdict, does not warrant permissive intervention.

Accordingly, this Court should deny DNJIC's request for permissive intervention.

## CONCLUSION

For the foregoing reasons, Defendant Occidental requests that this Court deny DNJIC's Motion to Intervene.

Dated: April 16, 2019

                               Respectfully submitted,

                               */s/ Laura B. Dowgin*
                               LAURA B. DOWGIN
                               New Jersey State Bar. No.
                               011592011
                               COZEN O'CONNOR
                               45 Broadway Atrium, Suite 1600
                               New York, NY 10006
                               Tel: 212-509-9400
                               LDowgin@cozen.com

                               RAFAEL RIVERA, JR.*(Pro Hac Vice)*
                               New York State Bar. No. 5605795
                               COZEN O'CONNOR
                               45 Broadway Atrium, Suite 1600
                               New York, NY 10006
                               Tel: 212-509-9400
                               rafaelrivera@cozen.com

                               JOSEPH A. ZIEMIANSKI*(Pro Hac Vice)*
                               Texas State Bar No. 00797732
                               COZEN O'CONNOR
                               1221 McKinney Street, Suite 2900
                               Houston, TX 77010
                               Tel: 832-214-3900
                               jziemianski@cozen.com

                               *Attorneys for Defendant,*
                               *Occidental Fire & Casualty Company*
                               *of North Carolina*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2019 I electronically filed
the foregoing document with the United States District Court
District of New Jersey by using the CM/ECF  system.

*s/ Laura B. Dowgin*

LAURA B. DOWGIN
COZEN O'CONNOR P.C.
45 Broadway, Suite 1600
New York, NY 10006
Tel: 212-509-9400
LDowgin@cozen.com

*Attorneys for Occidental Fire*
*& Casualty Company of North*
*Carolina*

16